A. G. BARNES, ADMINISTRATOR, ET AL. V. SCOTTISH-AMERICAN
MORTGAGE COMPANY, LIMITED.

Decided May 7, 1902.

1.—Decedent's Estate—Payment of Debts—Liens.

The rule requiring personal property of a decedent's estate to be resorted to before the real estate is for the benefit of heirs and devisees, and has no application where the estate is insolvent and a creditor holding a mortgage on the realty is seeking to have the personalty, which is also mortgaged, first applied to the debts of the first and second class.

2.—Same—Statute—Chattel and Realty Mortgages.

The statute places all mortgage and other lien creditors of a decedent's estate on the same footing and in the same class, without distinction, except that it gives to each mortgage or lien creditor preference in respect to the very property mortgaged to him, and hence a chattel lien can not be subordinated to a lien on realty by requiring the administration to resort first to the chattel mortgage property for the payment of debts in the classes ahead. Rev. Stats., art. 2091.

Appeal from Grayson. Tried below before Hon. Rice Maxey.

*A. G. Barnes* and *Moseley & Smith,* for appellants.

*Galloway & Heffin,* for appellee.

JAMES, CHIEF JUSTICE.—The estate is insolvent. All the property of the estate subject to administration has been sold, the real property having sold for $3820 and the personal property for $784.90, besides $424 collected on insurance, making $1213.90 derived from the personal assets. All the real property was mortgaged. A portion of the personal property also was mortgaged and this realized $360 of said $784.90. The mortgage claims on the realty were proved, amounting to $4726. The personal property liens were also proved amounting to $485.25.

The first and second class claims proved aggregated, besides costs, $1702.85. The fourth class claims proved aggregated $550.

*Opinion.*—The Scottish-American Mortgage Company, a mortgage creditor on land, filed in the County Court a motion alleging that the administrator was about to appropriate a part of the proceeds of its mortgaged land to the satisfaction of the claims of the first and second class; that said administrator had on hand about $1500 derived from personal property, and prayed that he be required to first exhaust and apply the proceeds of the personal property to such claims before resorting to the proceeds of the realty and especially to the proceeds of that upon which it had a lien. The court granted this order in terms as follows:

"On this day it is ordered by the court that the administrator herein pay all funds coming into his hands from the sale of personal property

on first and second class claims against said estate before any of the funds from the sale of real estate shall be applied to the payment of said first and second class claims."

From this an appeal was taken by the administrator and the National Bank of Denison, one of the chattel mortgagees, and the District Court also adjudged: "That the administrator shall apply all of the proceeds arising from the sale of personal property and all collections, first to the payment of said first and second class claims, and that the balance of said first and second class claims then remaining unpaid he shall satisfy out of the proceeds of the sales of the real estate."

From this an appeal has been taken, and under the several assignments the following proposition is asserted:

"The law makes no distinction between creditors of the estate of decedents whose claims are secured by mortgage, whether upon personal property or real estate."

At common law chattel mortgages, the possession of the mortgaged property remaining with the mortgagor, were unknown. Such mortgages were given in the form of pledges, and in such cases the question here raised would not occur, because the pledgee was entitled to be paid in full before the administrator was entitled to take the property as assets of the estate. Fulton v. Bank, 62 S. W. Rep., 85. There is no common law rule applicable to the facts before us, unless it be the general and familiar one relied on by appellee, viz., that the personal property of an estate constitutes the primary fund for the payment of debts. The rule which requires personal property to be resorted to before real estate is a rule in the interest of heirs and devisees. For example, when property, whether real or personal, upon which a mortgage exists is devised or bequeathed, the devisee or legatee may, under proper circumstances, have the mortgage debt satisfied out of the personality. This rule has no application whatever to the conditions before us; and we find no provision in our statutes giving a real estate mortgagee any such right over a chattel mortgage creditor.

Our statute, article 2091, Revised Statutes of 1895, places all mortgage and other lien creditors upon the same footing, and in the same class, without distinction, except that it gives to each mortgage or lien creditor preference in respect to the very property mortgaged to him. This last mentioned right is entirely ignored by the judgment rendered in this case, which really subordinates and destroys the chattel lien in the interest of those holding mortgages on the realty. No such superiority exists.

This estate is insolvent,—the personal assets clear of mortgages are insufficient to satisfy the first and second class claims. Resort is necessary to the remainder of the estate, which consists of personal and real property both mortgaged. All this property is in our opinion subject alike to contribute ratably to the deficiency necessary to pay off the superior claims, in proportion to its respective values.

As the appeals to the District Court and to this court are taken by the administrator, the decree will be reversed and an order here entered in accordance with this opinion to be certified for observance.

*Reversed and rendered.*

Writ of error refused.